## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ROBIN JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. |
| | ) _____ |
| vs. | ) |
| | ) |
| INTEGRAL PROPERTY | ) |
| MANAGEMENT, LLC | ) |
| | ) |
| Defendant. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| _____ | ) |

## COMPLAINT

Plaintiff Robin Jones ("Plaintiff" or "Ms. Jones") hereby asserts her Complaint against the above-captioned Defendant Integral Property Management, LLC (hereinafter "employer" or "Defendant") and shows the Court as follows:

### NATURE OF ACTION

1.

This cause of action arises under 1) the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act ("ADAAA") and 2) the Family and Medical Leave Act of 1993, 29 U.S.C. §§2601 et seq. ("FMLA").

## JURISDICTION AND VENUE

2.

Jurisdiction over the claims in this Complaint is conferred pursuant to 28 U.S.C. §§ 1331 and 1337.

3.

Jurisdiction and venue are proper in this judicial district because Defendant resides and maintains a place of business in the Northern District of Georgia, Atlanta Division, and the unlawful conduct complained of herein occurred in this district and division.

## PARTIES

4.

Plaintiff Robin Jones is an adult citizen and is entitled to bring actions of this nature and type.  Plaintiff was and is a resident of the State of Georgia and the Northern District of Georgia at all times material to Plaintiff's employment relationship with Defendant.

5.

Defendant is a for-profit corporation with over 500 employees, that is registered to and does transact business in the State of Georgia.

6.

Defendant is subject to this Court's jurisdiction and may be properly served with process by delivering a copy of the Summons and Complaint upon its registered agent Egbert L.J. Perry, 191 Peachtree Street, Suite 4100, Atlanta, GA, 30303.

7.

Defendant is a covered employer as defined by the ADAAA and is subject to its provisions.

8.

Defendant is a covered employer as defined by the FMLA and is subject to its provisions.

9.

At all times relevant to this action, Defendant was the employer of Plaintiff, as defined by the ADAAA and FMLA.

10.

At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the ADAAA and FMLA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### 11.

Ms. Jones has exhausted all administrative prerequisites prior to filing this action.

### 12.

Ms. Jones timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), raising her claims for violation of the ADAAA. The EEOC completed its investigation and issued a Notice of Right to Sue. Ms. Jones brings this action within ninety (90) days of receipt of her Notice of Right to Sue.

## STATEMENT OF FACTS

### 13.

Defendant is a real estate property management and asset management services company.

### 14.

Ms. Jones was employed by Defendant beginning April 14, 2016 through July 21, 2021.

### 15.

Ms. Jones was last employed by Defendant as a Leasing Manager.

16.

During the course of Plaintiff's employment, Plaintiff experienced severe symptoms of depression that caused her to be substantially limited in one or more major life activities and major bodily functions, including but not limited to, her ability to concentrate and focus.

17.

On July 20, 2021, Plaintiff attended a therapy session as related to her symptoms of depression.  During the session, Plaintiff's therapist recommended that she request a medical leave of absence to could obtain medical treatment and improve her condition.

18.

When Plaintiff returned to work following her therapy session, she emailed Lisa Jones, Human Resources Manager (hereinafter "Human Resources Manager"), that same day to request twelve (12) weeks of medical leave.

19.

On July 20, 2021, Plaintiff sent the Human Resources Manager an email requesting an application for FMLA leave.

20.

In response, the Human Resources Manager asked Plaintiff a number of questions to clarify and better understand the exact nature of Plaintiff's medical leave needs.

21.

That same day, Plaintiff responded to the Human Resources Manager's questions. Specifically, Ms. Jones told the Human Resources Manager that she was requesting leave to begin on July 27, 2021. Ms. Jones told the Human Resources Manager that she expected her medical leave of absence to last for a duration of twelve (12) weeks. Ms. Jones also explained that her leave request was not for a dependent, but rather, was for her own medical condition. Ms. Jones further told the Human Resources Manager that she intended to use FMLA leave concurrently with Short Term Disability.

22.

As of July 20, 2021, the Human Resources Manager knew that Ms. Jones was requesting time away from work for her own personal medical reasons.

23.

As of July 20, 2021, the Human Resources Manager knew that Ms. Jones was requesting time away from work under the FMLA for personal medical reasons.

24.

As of July 20, 2021, the Human Resources Manager knew that Ms. Jones was requesting time away from work under her employer's Short Term Disability Plan for personal medical reasons.

25.

On July 20, 2021, the Human Resources Manager told Ms. Jones that she would work on her request for an FMLA application the next morning (i.e. July 21, 2021).

26.

Thereafter, the Human Resources Manager sent Ms. Jones a second email, this time instructing her to notify her manager so they could plan for her medical leave of absence.

27.

The Human Resources Manager also requested that Ms. Jones ask her physician if he or she would be able to complete and return the FMLA documents prior to the beginning of the requested leave period (i.e. before July 27, 2021).

28.

Ms. Jones agreed to ask her physician to complete and return the FMLA documents before her leave period began.  Ms. Jones further told the Human

Resources Manager that she expected her medical provider would respond either that same day (July 20, 2021) or the following day (July 21, 2021).

29.

On July 21, 2021, Ms. Jones sent the Human Resources Manager a follow up email regarding her request for FMLA documents for her medical provider's completion.   But the Human Resources Manager did not respond to Ms. Jones' request.

30.

On July 21, 2021, Defendant terminated Ms. Jones' employment.

31.

Defendant terminated Ms. Jones' employment after she requested a medical leave of absence.

32.

Defendant terminated Ms. Jones' employment in lieu of allowing her to take a medical leave of absence.

33.

The Human Resources Manager who discussed Ms. Jones' request for a medical leave of absence with her on July 20, 2021 and was aware of her leave needs, signed off on Ms. Jones' Separation Notice the next day.

34.

Defendant knew Ms. Jones had requested FMLA leave prior to terminating her employment.

35.

At the time of Ms. Jones' termination on July 21, 2021, Defendant presented Ms. Jones with a written disciplinary action, citing attendance.

36.

The written disciplinary action Defendant presented Ms. Jones with on July 21, 2021 marked the first time Defendant issued any disciplinary action to Ms. Jones relating to attendance.

37.

Throughout the course of Ms. Jones' employment, it was common practice for hourly employees to report to work late.

38.

Throughout the course of Ms. Jones' employment, it was common practice for hourly employees to neglect to clock in and out due to internet connectivity issues or for other reasons.

39.

Throughout the course of Ms. Jones' employment, it was common practice for salaried employees to report to work late.

40.

Throughout the course of Ms. Jones' employment, it was common practice for salaried employees to neglect to clock in and out due to internet connectivity issues or for other reasons.

41.

Yet, Ms. Jones was the only employee Defendant fired due to alleged attendance.

## CLAIMS FOR RELIEF

## COUNT ONE: FAILURE TO ACCOMMODATE
## IN VIOLATION OF THE ADAAA

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

42.

Defendant is an employer as defined by the ADAAA and was Plaintiff's employer as defined therein.

43.

At all times relevant to this action, Plaintiff suffered from an actual disability as defined under the ADAAA.

44.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADAAA.

45.

Plaintiff requested a reasonable accommodation when she requested a medical leave of absence as related to her depression.

46.

Defendant terminated Plaintiff's employment in lieu of granting her request for a twelve (12) week medical leave of absence.

47.

At all times relevant to this action, Defendant and individuals involved in the decision to deny Plaintiff's requested accommodation had actual knowledge of Plaintiff's request for a medical leave of absence.

48.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff's employment had actual knowledge of Plaintiff's disability.

49.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff's employment had actual knowledge of Plaintiff's requested accommodation.

50.

Defendant and individuals involved in the decision to terminate Plaintiff's employment knew Plaintiff required reasonable accommodation in order to perform the essential functions of her job.

51.

Defendant terminated Ms. Jones' employment before she could comply with the Human Resource Manager's request for supporting medical documentation.  By doing so, Defendant breached the interactive process.

52.

At all times relevant to this action, Plaintiff was capable of performing the essential functions of her position with an accommodation.

53.

An effective reasonable accommodation existed that would have enabled Ms. Jones to perform the essential functions of her job in the near future.

54.

An effective reasonable accommodation existed that would have enabled Ms. Jones to remain employed.

55.

Defendant is legally required to provide employees with a serious health condition, as defined under the FMLA, with up to twelve (12) weeks of FMLA leave.

56.

Defendant could have accommodated Ms. Jones by allowing her to take a twelve (12) week leave of absence.

57.

Defendant would not have suffered an undue hardship by granting Ms. Jones' request for a twelve (12) week medical leave of absence.

58.

Defendant refused to provide Plaintiff with leave as a reasonable accommodation, even though to do so would not impose an undue hardship.

59.

Defendant also terminated Plaintiff's employment in lieu of providing an effective reasonable accommodation.

60.

Defendant failed to provide Ms. Jones with a reasonable accommodation.

61.

By refusing to reasonably accommodate Plaintiff, Defendant knowingly and intentionally violated the ADAAA.

62.

As a direct and proximate result of Defendant's unlawful actions and failures to act, Plaintiff has suffered compensatory damages including, emotional distress, mental anguish, physical harms, and other non-pecuniary losses, as well as economic damages, for which she is entitled to recover from Defendant.

63.

Defendant performed the above actions willfully, wantonly, intentionally, with malice and/or in reckless disregard of Plaintiff's federally-protected rights. Plaintiff is therefore entitled to punitive damages.

64.

All conditions precedent to bringing this Count have been completed, performed, and/or waived.

## COUNT TWO: RETALIATION IN VIOLATION OF THE ADAAA

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

65.

At all times relevant to this action, Plaintiff has been an individual with a disability as defined by the ADAAA.

66.

At all times relevant to this action, Defendant "regarded" Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADAAA.

67.

Plaintiff engaged in protected activity when she requested an accommodation for her actual or perceived disability.

68.

Defendant retaliated against Plaintiff on the basis of her protected activity by terminating her employment one (1) day after she requested a twelve (12) week medical leave of absence.

69.

Defendant fired Plaintiff within a very close temporal proximity to Plaintiff's accommodation request.

70.

Defendant's proffered reasons for terminating Plaintiff's employment are pretext for retaliation.

71.

Defendant's retaliatory actions against Plaintiff were in violation of the ADAAA.

72.

As a direct and proximate result of Defendant's unlawful actions and failures to act, Plaintiff has suffered compensatory damages including, emotional distress, mental anguish, physical harms, and other non-pecuniary losses, as well as economic damages, for which he is entitled to recover from Defendant.

73.

Defendant performed the above actions willfully, wantonly, intentionally, with malice and/or in reckless disregard of Plaintiff's federally-protected rights. Plaintiff is therefore entitled to punitive damages.

74.

All conditions precedent to bringing this Count have been completed, performed, and/or waived.

## COUNT THREE: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

75.

Defendant is an employer as defined by the ADAAA and was Plaintiff's employer as defined therein.

76.

At all times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADAAA.

77.

Plaintiff is a person with a disability within the meaning of the ADAAA, in that (A) she has a physical impairment that substantially limits one or more major

life activities or the operation of a major bodily function; (B) has a record of such an impairment; and/or (C) was regarded by Defendant as having such an impairment.

78.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's actual disability, including at the time of Defendant's termination of Plaintiff's employment.

79.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff regarded Plaintiff as having a disability within the meaning of the ADAAA.

80.

At all times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's record of a disability within the meaning of the ADAAA.

81.

Defendant terminated Plaintiff's employment because of her actual disability, perceived disability, and/or her record of such an impairment and her requests for accommodation.

82.

Plaintiff's disability and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff's employment.

83.

Defendant discriminated against Plaintiff on the basis of her actual disability, perceived disability, or record of such an impairment as defined under the ADAAA by firing Plaintiff.

84.

Defendant's proffered reasons for terminating Plaintiff's employment are pretext for discrimination.

85.

Defendant's discriminatory conduct towards Plaintiff was in violation of the ADAAA.

86.

As a direct and proximate result of Defendant's unlawful actions and failures to act, Plaintiff has suffered compensatory damages including, emotional distress, mental anguish, physical harms, and other non-pecuniary losses, as well as economic damages, for which he is entitled to recover from Defendant.

87.

Defendant performed the above actions willfully, wantonly, intentionally, with malice and/or in reckless disregard of Plaintiff's federally-protected rights. Plaintiff is therefore entitled to punitive damages.

88.

All conditions precedent to bringing this Count have been completed, performed, and/or waived.

## COUNT FOUR: FMLA INTERFERENCE

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

89.

At all times relevant, Defendant has employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

90.

Defendant is a covered employer and is subject to the provisions of the FMLA.

91.

At all times relevant to this action, Plaintiff had a serious health condition as defined under the FMLA and was eligible for FMLA leave.

92.

At all times relevant to this action, Defendant and its agents knew of Plaintiff's serious health condition. Moreover, the Defendant and its agents knew that Plaintiff requested to take a medical leave of absence due to her serious health condition. Defendant and its agents were also aware that Plaintiff intended to submit medical documentation to support her request for FMLA leave.

93.

Defendant and its agents interfered with Plaintiff's FMLA rights by terminating her employment before allowing her time and opportunity to submit medical documentation to support her request for FMLA leave.

94.

Defendant's conduct, as alleged herein, was undertaken with deliberate indifference to Plaintiff's federally protected rights under the FMLA.

95.

As a direct and proximate result of Defendant's unlawful actions and failures to act, Plaintiff has suffered economic damages, for which she is entitled to recover from Defendant.

## COUNT FIVE: FMLA RETALIATION

The allegations in the preceding paragraphs are incorporated by reference as if set forth herein.

96.

Plaintiff engaged in protected activity when she requested FMLA leave.

97.

Defendant retaliated against Plaintiff by terminating her employment one (1) day after she requested FMLA leave.

98.

Defendant's actions demonstrate violations of the FMLA's retaliation provision.

99.

The actions complained of in this action were done because of Plaintiff's exercise of her rights under the FMLA.

100.

The actions complained of this action were in very close proximity to Plaintiff's protected activity as defined under the FMLA.

101.

Defendant knew or should have known that the means utilized to punish Plaintiff for using her FMLA leave were forbidden by law.

102.

Defendant's conduct, as alleged herein, was undertaken with deliberate indifference to Plaintiff's federally protected rights under the FMLA.

103.

As a direct and proximate result of Defendant's unlawful actions and failures to act, Plaintiff has suffered economic damages, for which she is entitled to recover from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Grant to Plaintiff a jury trial on all issues so triable;

2. Grant declaratory judgment that Plaintiff's rights under the ADAAA and FMLA have been violated;

3. Grant Plaintiff a permanent injunction prohibiting Defendant from engaging in such unlawful conduct in the future;

4. Award compensatory damages in an amount reasonable and commensurate with the economic losses that she has suffered as a result of Defendant's

discrimination and retaliation and the pain, emotional distress, and physical harms imposed upon her by Defendant's intentionally discriminatory acts, in an amount reasonable and commensurate with the harm done and calculated to be a sufficient deterrent to such conduct in the future, and all other sums and relief to which Plaintiff is entitled under the law;

5. Award appropriate back pay, reinstatement or front pay in lieu of reinstatement, reimbursement for lost salary, and compensation for other damages suffered by Plaintiff by reason of Defendant's violations of the ADAAA and FMLA, in an amount to be shown at trial;

6. Award liquidated damages under the FMLA, in the amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA and interest on the amount described above calculated at the prevailing rate;

7. Award pre-judgment and post-judgment interest calculated at the prevailing rate;

8. Award nominal damages;

9. Award punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

10. Award Plaintiff's attorneys' fees, costs, and other expenses of litigation, including but not limited to reasonable expert witness fees and other costs of the action; and

11. Award Plaintiff such additional relief as the Court deems proper and just.

This 19th day of October, 2022.

SHELTON LAW PRACTICE, LLC

By:    /s/    Cherri L. Shelton
         Georgia Bar No. 27693

Shelton Law Practice, LLC
400 Galleria Parkway, Suite 1500
Atlanta, GA 30339
Phone: (404) 865-3771
Facsimile: (678) 882-7499
cshelton@sheltonlawpractice.com

**ATTORNEY FOR PLAINTIFF**